# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BETA PHARMA, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>INVENTISBIO (SHANGHAI) CO., LTD., f/k/a SHANGHAI SHALETECH CO., LTD., YUEHENG JIANG, and WANSHENG LIU,<br><br>   Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Beta Pharma, Inc. ("Beta Pharma") alleges as follows:

## NATURE OF THE ACTION

1. This is an action for damages and equitable relief arising from the wrongful conduct of Defendants InventisBio (Shanghai) Co., Ltd., f/k/a Shanghai ShaleTech Co., Ltd. ("InventisBio"), Yueheng Jiang, and Wansheng Liu in trade secret theft under the Defend Trade Secrets Act and New Jersey law, misappropriation, negligence, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unfair competition, unjust enrichment, and civil conspiracy related to Beta Pharma's confidential and proprietary epidermal growth factor receptor tyrosine kinase inhibitor ("EGFR-TKI") technology.

## PARTIES

2. Beta Pharma is a corporation incorporated under the laws of the state of Delaware with a location at 5 Vaughn Drive, Suite 106, Princeton, New Jersey 08540.

3. On information and belief, InventisBio is a company organized and existing under the laws the People's Republic of China with its principal place of business at 1000 Zhangheng Road, Building 63, Pudong New District, Shanghai, China.

4. On information and belief, Dr. Yueheng Jiang is a resident of the state of New Jersey and lives at 5 Millstone Lane, Readington Township, New Jersey 08889

5. On information and belief, Dr. Wansheng Liu is a resident of the state of New Jersey and lives at 519 Cherry Hill Road, Princeton, New Jersey 08540.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over InventisBio and Defendant Jiang because, among other things, they have committed, aided, abetted, contributed to, induced, or participated in the commission of theft and misappropriation of trade secret and confidential information, and tortious interference in this judicial district and elsewhere that led to foreseeable harm and injury to Beta Pharma in this judicial district.

8. This Court has personal jurisdiction over Defendant Liu and Defendant Jiang because they are residents of New Jersey.

9. Due to InventisBio and Defendant Jiang's conduct, a substantial part of the events or omissions giving rise to Beta Pharma's claims occurred in this judicial district, making venue proper in this District under 28 U.S.C. § 1391(b)(2).

10. Because InventisBio is not a U.S. entity, venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## FACTS AND ALLEGATIONS

**A. Beta Pharma's EGFR-TKI Technology.**

11. Beta Pharma is an emerging specialty pharmaceutical company founded by Dr. Don Xiaodong Zhang that is dedicated to the discovery, development, and commercialization of innovative late-stage oncology therapies.

12. Dr. Zhang and his team's first breakthrough came in 2002 with the synthesis of a novel EGFR-TKI, icotinib. Icotinib is a first-generation EGFR-TKI for the treatment of EGFR-mutation positive advanced non-small-cell lung cancer.

13. In 2011, Beta Pharma's icotinib HCl—under the brand name Conmana®—was granted marketing approval in China. Since its commercial approval, Conmana® has gained over a third of the market share in lung cancer therapies in China, with over 40,000 patients treated.

14. After this success, Beta Pharma began developing in 2013 a third-generation EGFR-TKI for the treatment of advanced non-small-cell lung cancer harboring common EGFR mutations. To that end, in or around September 2014, Dr. Zhang, Dr. Jirong Peng, Dr. Michael Costanzo, Dr. Michael Greco, Dr. Michael Green, and Dr. Victoria Wilde (collectively, "the BPI-7711 Inventors") developed the core compound of the third-generation targeted anti-lung-cancer drug BPI-7711, Methanesulfonic Acid Rezivertinib ("BPI-7711").

15. On or around September 27, 2014, the BPI-7711 Inventors completed the first synthesis and characterization of BPI-7711.

16. On or around October 24, 2014, the BPI-7711 Inventors completed the first in vitro evaluation of the anti-tumor efficacy of BPI-7711.

17. In or around December 2014, Beta Pharma completed the first in vivo anti-tumor efficacy evaluation of BPI-7711 and related compounds.

18. In March 2016, Beta Pharma (Shanghai) Co., Ltd. ("Beta Shanghai")—a Chinese company founded by Dr. Zhang to further Beta Pharma's work in China—filed an Investigational

New Drug application for BPI-7711 with the National Medical Products Administration ("NMPA") in China.

19. On March 6, 2017, Beta Shanghai received clinical trial approval for BPI-7711 from the NMPA.

20. In March 2017, Beta Shanghai started Phase I clinical trials for BPI-7711 in China. On September 11, 2017, the first patient was enrolled.

21. Beta Pharma and the BPI-7711 Inventors have spent millions of dollars and more than seven years developing BPI-7711. BPI-7711 has shown remarkable efficacy and safety, especially for lung-cancer patients with brain metastases. According to clinical trial results, BPI-7711 is the most effective drug in the treatment of brain metastases in lung-cancer patients.

22. To date, the BPI-7711 Inventors and other employees of Beta Pharma have been awarded 10 U.S. Patents in the field of oncology.

**B. InventisBio and Defendant Jiang.**

23. On information and belief, InventisBio was formed in around or 2013 by Zhiqin Jiang, Xing Dai, and Suzhou Daying Investment Co., Ltd. On information and belief, Zhiqin Jiang is the father of Dr. Yueheng Jiang.

24. On information and belief, Defendant Jiang is a senior Vice President of Research and Development at InventisBio.

25. On information and belief, Defendant Jiang's area of expertise is anti-allergy and immune system and antiviral drugs, which are unrelated to oncology and EGFR-TKI.

26. On information and belief, Defendant Jiang was the Vice President of ABA Chemicals Corporation from around April 2012 until around April 2018.

**C. Beta Pharma Retained Defendant Liu's Law Firm to Prosecute Patents.**

27. On information and belief, Defendant Liu is a lawyer and a partner at the multistate law firm Fox Rothschild LLP at its Princeton, New Jersey office ("Law Firm"). On information and belief, Defendant Liu joined the Law Firm's Princeton office in or around 2007 and mainly practiced patent prosecution and strategic counselling during the relevant time.

28. Dr. Zhang and Dr. Peng met Defendant Liu at a social event in or around October 2012.

29. On or around November 8, 2012, Dr. Zhang emailed Defendant Liu to inquire about engaging Defendant Liu for legal services.

30. On or around November 22, 2012, Beta Pharma signed an engagement agreement with Defendant Liu and the Law Firm for Defendant Liu to perform, *inter alia*, the preparation, filing, and prosecution of U.S. patent applications for Beta Pharma.

31. On information and belief, Defendant Liu was the partner at the Law Firm responsible for providing legal services to Beta Pharma and had access to all confidential information related to Beta Pharma's EGFR-TKI Technology, including BPI-7711.

32. On or around July 9, 2014, the BPI-7711 Inventors had a meeting with Defendant Liu where they first disclosed their concept of generating BPI-7711 to Defendant Liu.

33. After July 9, 2014, in connection with Defendant Liu preparing Beta Pharma's patent applications, the BPI-7711 Inventors conveyed proprietary and confidential information to Defendant Liu regarding BPI-7711.

34. On December 11, 2014, Defendant Liu, on behalf of Beta Pharma, filed provisional U.S. Patent Application Number 62/090,869 ("the '869 Application"). The BPI-7711 Inventors are the named inventors and Beta Pharma is the owner by assignment. The '869 Application

disclosed, *inter alia*, BPI-7711.  Defendant Liu signed all papers associated with the filing of the '869 Provisional Application.

### D. Defendant Liu Disclosed Beta Pharma's EGFR-TKI Technology to Defendant Jiang so that InventisBio Could Wrongfully Use Beta Pharma's EGFR-TKI Technology to File Patent Applications.

35. On information and belief, after July 9, 2014, Defendant Liu conveyed Beta Pharma's proprietary and confidential information including BPI-7711 to InventisBio through Defendant Jiang.

36. On November 5, 2014, after Beta Pharma had disclosed BPI-7711 to Defendant Liu but before Defendant Liu filed the '869 Application, InventisBio filed Chinese patent application No. 201410619344.7 ("the '344 Application") with the China National Intellectual Property Administration.  The '344 Application disclosed BPI-7711.  Defendant Jiang is listed as the inventor on the '344 Application.

37. On November 5, 2015, InventisBio filed PCT Application No. PCT/CN2015/093815 ("the '815 Application") with the China National Intellectual Property Administration.  Defendant Jiang is listed as the inventor.  The '815 Application disclosed BPI-7711 and claimed priority to the '344 Application.

38. On May 12, 2016, the '815 Application was published.  On information and belief, this was the earliest public disclosure of BPI-7711.

39. On May 3, 2017, InventisBio filed U.S. Patent Application No. 15/524,228 ("the '228 Application") as a U.S. national stage application of the '815 Application.  Defendant Jiang is listed as the inventor.  The '228 Application issued as U.S. Patent No. 10,179,784 ("the '784 Patent") on January 15, 2019.

40. On December 5, 2018, InventisBio filed U.S. Patent Application No. 16/210,705 ("the '705 Application") as a continuation of the '228 Application. Defendant Jiang is listed as the inventor. The '705 Application claims BPI-7711 and, upon information and belief, is still pending before the U.S. Patent and Trademark Office ("USPTO").

**E. Defendant Liu's Improper Disclosure of Beta Pharma's EGFR-TKI Technology to Defendant Jiang Prejudiced Beta Pharma's Intellectual Property Rights**

41. On December 11, 2015, Defendant Liu, on behalf of Beta Pharma, filed PCT Application No. PCT/US2015/065286 ("the '286 Application") with the USPTO, claiming priority to the '869 Application. The '286 Application, as originally filed, claimed BPI-7711.

42. On June 9, 2017, Defendant Liu, on behalf of Beta Pharma, filed U.S. Patent Application No. 15/534,838 ("the '838 Application") as a U.S. national stage application of the '286 Application. The '838 Application claimed BPI-7711.

43. At no time during prosecution of the '286 and '838 Applications did Defendant Liu disclose to his client Beta Pharma, to the BPI-7711 Inventors, or to the USPTO the existence of the '344 Application or of any other InventisBio patent filing.

44. On March 16, 2018, the USPTO Examiner rejected the pending claims in the '838 Application that claimed BPI-7711 under 35 U.S.C. §102(a) as anticipated by InventisBio's '344 and '228 Applications (published in the United States as U.S. Patent Application Publ. No. US 2017/0355696A1).

45. In a September 14, 2018 response to the March 16, 2018 Office Action submitted on behalf of Beta Pharma, Defendant Liu amended the claims of the '838 Application to exclude BPI-7711.

46. On March 17, 2020, the '838 Application issued as U.S. Patent No. 10,590,111.

7

**FIRST CLAIM FOR RELIEF**
**(Theft of Trade Secrets – 18 U.S.C. § 1836, *et seq.*)**
**(Against InventisBio, Wansheng Liu, and Yueheng Jiang)**

47.     Beta Pharma incorporates as herein by reference the allegations in paragraphs 1–46.

48.     Defendant Liu knowingly and without authorization of Beta Pharma conveyed to InventisBio through Defendant Jiang the information Beta Pharma entrusted to him in confidence. Defendant Jiang and InventisBio obtained economic benefit from the disclosure of Beta Pharma's confidential and proprietary information by using, and filing patent applications for, Beta Pharma's BPI-7711.

49.     Beta Pharma has taken reasonable measures to protect and keep the information, including Beta Pharma's BPI-7711, secret. These measures include the limitation of access to such information, the monitoring of its employees, and requiring employees who obtained access to such information to sign non-disclosure agreements.

50.     Defendant Liu wilfully and maliciously misappropriated Beta Pharma's trade secrets by using the information entrusted to file for patent applications for the economic benefit of parties other than Beta Pharma without authorization.

51.     Defendant Jiang and InventisBio used improper means, including theft, to acquire information related to Beta Pharma's BPI-7711. Defendant Jiang and InventisBio knew, or had reason to know, at the time they obtained and at the times they used Beta Pharma's information for patent applications, that the information was obtained from Defendant Liu who owed Beta Pharma a duty to maintain its secrecy.

52. Defendant Jiang and InventisBio received and possessed Beta Pharma's information, including Beta Pharma's BPI-7711, that they knew to have been converted without authorization.

53. Defendant Jiang and InventisBio wilfully and maliciously misappropriated Beta Pharma's trade secrets by acquiring and using Beta Pharma's information for their economic benefit without authorization.

54. Defendant Liu, Defendant Jiang, and InventisBio's actions have damaged Beta Pharma through the diminution of the market value of its proprietary information. On information and belief, Defendant Jiang and InventisBio were unjustly enriched by the use of Beta Pharma's trade secrets without the costs for research and development and other costs of reproducing Beta Pharma's trade secrets.

55. Defendant Liu, Defendant Jiang, and InventisBio are jointly and severally liable for trade secret misappropriation under the Defend Trade Secrets Act.

56. Defendant Liu, Defendant Jiang, and InventisBio are liable to Beta Pharma for damages for Beta Pharma's actual losses and InventisBio is liable for its unjust enrichment, in an amount to be proven at trial.

57. As a direct and proximate result of Defendant Liu, Defendant Jiang, and InventisBio's wrongdoing, Beta Pharma has suffered and will continue to suffer irreparable harm.

58. Beta Pharma is entitled to an injunction preventing Defendant Liu, Defendant Jiang, and InventisBio from continuing to acquire, possess, or use Beta Pharma's trade secrets. Beta Pharma is entitled to exemplary damages under 18 U.S.C. § 1836(b)(3)(C), and to its reasonable attorneys' fees under 18 U.S.C. § 1836(b)(3)(D).

## SECOND CLAIM FOR RELIEF
### (Misappropriation of Trade Secrets – N.J.S.A. 56:15-1, *et seq.*)
### (Against InventisBio, Wansheng Liu, and Yueheng Jiang)

59. Beta Pharma incorporates as herein by reference the allegations in paragraphs 1–58.

60. Beta Pharma's BPI-7711, at the time Defendant Liu obtained it, had actual or potential economic value as a result of not being known to others who might derive economic value as a result of not being known to others who might derive economic value from its use.

61. Beta Pharma used reasonable efforts to maintain the secrecy of the information, including the limitation of access to such information, the monitoring of its employees, and requiring employees who obtained access to such information to sign non-disclosure agreements.

62. Defendant Liu, Defendant Jiang, and InventisBio knew or had reason to know that they were acquiring Beta Pharma's trade secrets by improper means and in breach of an express or implied duty of Defendant Liu's duty to maintain the secrecy of or limit the disclosure of trade secrets.

63. Defendant Liu, Defendant Jiang, and InventisBio are jointly and severally liable for trade secret misappropriation under New Jersey law.

64. Defendant Liu, Defendant Jiang, and InventisBio are liable to Beta Pharma for damages for Beta Pharma's actual losses and Defendant Jiang and InventisBio are liable for their unjust enrichment, in an amount to be proven at trial.

65. As a direct and proximate result of Defendant Liu, Defendant Jiang, and InventisBio's wrongdoing, Beta Pharma has suffered and will continue to suffer irreparable harm.

66. Beta Pharma is entitled to an injunction preventing Defendant Liu, Defendant Jiang, and InventisBio from continuing to acquire, possess, or use Beta Pharma's trade secrets. Beta

Pharma is entitled to exemplary damages under N.J.S.A. 56:15-4(b), and to its reasonable attorney fees under N.J.S.A. 56:15-6(a).

### THIRD CLAIM FOR RELIEF
### (Misappropriation of Confidential Information)
### (Against Wansheng Liu)

67. Beta Pharma incorporates as herein by reference the allegations in paragraphs 1–66.

68. Beta Pharma has spent millions of dollars and more than seven years developing BPI-7711. Prior to May 2016, the date of the earliest public disclosure of BPI-7711, Beta Pharma kept BPI-7711 confidential.

69. Defendant Liu acquired Beta Pharma's confidential information including BPI-7711. At all relevant times, Defendant Liu had a duty not to reveal information related to the representation of Beta Pharma. *See* N.J. R.P.C. 1.6(a).

70. On information and belief, Defendant Liu, without permission and intentionally, disclosed the information to Defendant Jiang and InventisBio to their economic benefit in breach of his confidentiality obligations.

71. As a direct and proximate result of Defendant Liu's actions, Beta Pharma has suffered and will continue to suffer damages including but not limited to lost profits and damage to reputational interests. As a result, Defendant Liu is liable to Beta Pharma for compensatory damages in an amount to be proved at trial.

### FOURTH CLAIM FOR RELIEF
### (Negligence)
### (Against Wansheng Liu)

72. Beta Pharma incorporates as herein by reference the allegations in paragraphs 1–71.

73. At all relevant times, Defendant Liu had a duty of confidentiality not to affirmatively disclose information related to the representation of Beta Pharma and a duty of loyalty not to use information relating to the representation to the disadvantage of Beta Pharma. *See* N.J. R.P.C. 1.6(a).

74. Defendant Liu had a conflict of interest by representing Beta because his representation of Beta Pharma was materially limited by his personal interest and responsibilities to Defendant Jiang.  *See* N.J. R.P.C. 1.7(a)(2).

75. Defendant Liu breached the duty of confidentiality by affirmatively disclosing information related to Beta Pharma's BPI-7711 to Defendant Jiang and InventisBio.  Defendant Liu also breached the duty of loyalty by using the information obtained during the representation to help Defendant Jiang and InventisBio file patent applications for Beta Pharma's BPI-7711.  A reasonable person would have refrained from this kind of conduct.

76. It was foreseeable to Defendant Liu that the disclosure of Beta Pharma's confidential and proprietary information and the use of such information to file patent applications for Defendant Jiang and InventisBio would harm Beta Pharma.

77. As a direct and proximate result of Defendant Liu's negligence, Beta Pharma has suffered and will continue to suffer damages including but not limited to lost profits and damage to reputational interests.  Defendant Liu is therefore liable to Beta Pharma for damages in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)
### (Against Wansheng Liu)

78. Beta Pharma incorporates as herein by reference the allegations in paragraphs 1–77.

79. Defendant Liu owes a fiduciary duty to Beta Pharma as Beta Pharma's patent attorney.

80. Defendant Liu, upon information and belief, engaged in misconduct in violation of his fiduciary duty owed to Beta Pharma by, *inter alia*, disclosing to InventisBio and Defendant Jiang Beta Pharma's EGFR-TKI Technology, including BPI-7711, acquired by Defendant Liu during the course of representing Beta Pharma as its patent attorney.

81. Defendant Liu's misconduct and violations of his fiduciary duty owed to Beta Pharma as alleged herein directly caused and will continue to cause harm to Beta Pharma.

82. As a result of Defendant Liu's breach of fiduciary duty, Beta Pharma is entitled to (i) an accounting to calculate the sales proceeds InventisBio and Defendant Jiang Beta have procured due to Defendant Liu's improper disclosure of Beta Pharma's EGFR-TKI Technology, including BPI-7711; and (ii) a constructive trust for all future sales proceeds garnered by InventisBio and Defendant Jiang due to Defendant Liu's breach of fiduciary duty.

83. Beta Pharma has no adequate remedy at law.

## SIXTH CLAIM
**(Aiding and Abetting Breach of Fiduciary Duty)**
**(Against InventisBio and Yueheng Jiang)**

84. Beta Pharma incorporates as herein by reference the allegations in paragraphs 1–83.

85. Defendant Liu breached his fiduciary duty owed to Beta Pharma.

86. InventisBio and Defendant Jiang, upon information and belief, knowingly induced or participated in Defendant Liu's breach by, *inter alia*, conspiring with Defendant Liu to misappropriate Beta Pharma's EGFR-TKI Technology, including BPI-7711, and accepting confidential and proprietary information disclosed to InventisBio and Defendant Jiang by

13

Defendant Liu, while knowing or having reason to know that Defendant Liu was duty bound not to disclose same.

87. InventisBio and Defendant Jiang's aiding and abetting of Defendant Liu's breach of fiduciary duty owed to Beta Pharma as alleged herein proximately caused and will continue to cause harm to Beta Pharma.

88. As a result of InventisBio and Defendant Jiang aiding and abetting Defendant Liu's breach of fiduciary duty, Beta Pharma is entitled to an accounting to calculate the sales proceeds InventisBio and Defendant Jiang have procured and a constructive trust for all sales proceeds InventisBio and Defendant Jiang will procure due to InventisBio and Defendant Jiang's aiding and abetting Defendant Liu's breach of fiduciary duty, and an injunction prohibiting InventisBio and Defendant Jiang from continuing to aid and abet Defendant Liu's breach of fiduciary duty.

89. Beta Pharma has no adequate remedy at law.

## SEVENTH CLAIM
(Unjust Enrichment)
(Against InventisBio and Yueheng Jiang)

90. Beta Pharma incorporates as herein by reference the allegations in paragraphs 1–89.

91. InventisBio and Defendant Jiang have been unjustly enriched and have unfairly benefited by filing patent applications for Beta Pharma's BPI-7711—all through the exploitation of property, know-how, and proprietary works belonging exclusively to Beta Pharma.

92. InventisBio and Defendant Jiang's unjust enrichment have been at Beta Pharma's expense.

93. It is against equity and good conscience to permit InventisBio and Defendant Jiang to retain the benefit they have obtained at Beta Pharma's expense, and to keep what has been taken unjustly from Beta Pharma, without fair compensation paid to and recovered by Beta Pharma.

94. As a proximate result of the foregoing, Beta Pharma is entitled to an award of damages in an amount to be determined at trial.

## EIGHTH CLAIM
### (Unfair Competition New Jersey Common Law)
### (Against InventisBio and Yueheng Jiang)

95. Beta Pharma incorporates as herein by reference the allegations in paragraphs 1–94.

96. InventisBio and Defendant Jiang have misappropriated Beta Pharma's invaluable, proprietary information including trade secret materials, in order to compete against Beta Pharma by filing patent applications for BPI-7711.

97. InventisBio and Defendant Jiang's unfair competitive behavior at issue herein has resulted in InventisBio and Defendant Jiang obtaining an unwarranted and unfair head start in developing BPI-7711 for commercial use, to Beta Pharma's detriment.

98. As a proximate result of InventisBio and Defendant Jiang's unfair competitive acts complained of herein, Beta Pharma has suffered or stands to suffer competitive injury in the form of direct financial loss, lost dealings, and lost profits.

99. Beta Pharma has been damaged in an amount to be proven at trial herein.

## NINTH CLAIM
### (Civil Conspiracy)
### (Against InventisBio, Wansheng Liu, and Yueheng Jiang)

100. Beta Pharma incorporates as herein by reference the allegations in paragraphs 1–99.

101. On information and belief, Defendant Jiang, and InventisBio conspired with Defendant Liu to have Defendant Liu misappropriate confidential and proprietary information, including Beta Pharma's EGFR-TKI Technology, BPI-7711, and trade secrets, to file for patent protection for BPI-7711.

102. On information and belief, Defendant Jiang and InventisBio conspired with Defendant Liu to have Defendant Liu transfer Beta Pharma's EGFR-TKI Technology, including BPI-7711, so that they could collectively and individually misappropriate Beta Pharma's confidential and proprietary information, including Beta Pharma' trade secrets, to file for patent protection for BPI-7711.

103. Defendant Liu, Defendant Jiang, and InventisBio's civil conspiracy has damaged, and continues to damage, Beta Pharma in an amount to be determined at trial.

104. Defendant Liu, Defendant Jiang, and InventisBio are jointly and severally liable for their damaging actions committed in furtherance of the conspiracy.

## PRAYER FOR RELIEF

WHEREFORE, Beta Pharma prays for the following relief:

a. Finding that Defendant Liu, Defendant Jiang, and InventisBio are jointly and severally liable to Beta Pharma for misappropriating Beta Pharma's trade secrets in violation of the Defend Trade Secrets Act, and awarding to Beta Pharma all damages and other relief allowable under law in connection with the same;

b. Finding that Defendant Liu, Defendant Jiang, and InventisBio are jointly and severally liable to Beta Pharma for willfully and maliciously misappropriating Beta Pharma's trade secrets in violation of the Defend Trade Secrets Act, and awarding to Beta Pharma all damages and other relief allowable under law in connection with the same;

c. Finding that Defendant Liu, Defendant Jiang, and InventisBio are jointly and severally liable to Beta Pharma for misappropriating Beta Pharma's trade secrets in violation of New Jersey law, and awarding to Beta Pharma all damages and other relief allowable under law in connection with the same;

d. Finding that Defendant Liu breached his fiduciary duty to Beta Pharma as Beta Pharma's patent attorney for his failure to keep Beta Pharma's confidential and proprietary information, including Beta Pharma's trade secrets, confidential and to not use and/or disclose that information to third parties to the detriment of Beta Pharma, and awarding to Beta Pharma all damages and other relief allowable under law in connection with the same;

e. Finding that Defendant Jiang and InventisBio aided and abetted Defendant Liu's breach of his fiduciary duty to Beta Pharma as Beta Pharma's patent attorney for Defendant Liu's failure to keep Beta Pharma's confidential and proprietary information, including Beta Pharma's trade secrets, confidential and to not use and/or disclose that information to third parties, to the detriment of Beta Pharma, and awarding to Beta Pharma all damages and other relief allowable under law in connection with the same;

f. Finding that Defendant Jiang and InventisBio were unjustly enriched by filing for patent applications through the exploitation of property, know-how, and proprietary works belonging exclusively to Beta Pharma, and awarding to Beta Pharma all damages and other relief allowable under law in connection with the same;

g. Finding that Defendant Jiang and InventisBio have unfairly competed with Beta Pharma for Defendant Liu's misappropriation of Beta Pharma's invaluable, proprietary information including trade secret materials and data, in order to file patent applications, and

awarding to Beta Pharma all damages and other relief allowable under law in connection with the same;

h. Awarding Beta Pharma damages for actual loss, and enhanced damages, costs, and reasonable attorneys' fees for Defendant Liu, Defendant Jiang, and InventisBio's willful and malicious trade secret misappropriation under the Defend Trade Secrets Act, whether jointly and/or severally;

i. Awarding Beta Pharma damages for actual loss, and enhanced damages, costs, and reasonable attorneys' fees for Defendant Liu, Defendant Jiang, and InventisBio's willful and malicious trade secret misappropriation under New Jersey law, whether jointly and/or severally;

j. Permanent injunctive relief enjoining Defendant Liu, Defendant Jiang, and InventisBio from using Beta Pharma's trade secrets;

k. All costs of suit, including Beta Pharma's reasonable attorney's fees; and

l. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Beta Pharma, under Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury on any and all issues so triable by right.

Dated: March 15, 2021

OF COUNSEL:

Mark Raskin
Andrea Pacelli
Elizabeth Long
KING & WOOD MALLESONS LLP
500 5th Avenue, 50th Floor
New York, New York 10110
(212) 319-4755
mark.raskin@us.kwm.com
andrea.pacelli@us.kwm.com
elizabeth.long@us.kwm.com

/s/ *Robert Mahoney*
Robert Mahoney
NORRIS MCLAUGHLIN, P.A.
400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, New Jersey 08807-5933
(908) 252-4158
rmahoney@norris-law.com

*Attorneys for Plaintiff
Beta Pharma, Inc.*