<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BETA PHARMA, INC.,**  Plaintiff,  v.  **INVENTISBIO (SHANGHAI) CO., LTD.,** *et al.*,  Defendants. | Civil Action No. 21-5103 (ZNQ) (TJB)  **OPINION** |

<u>**QURAISHI, District Judge**</u>

This matter comes before the Court upon a Motion to Dismiss filed by Defendant Wansheng Jerry Liu. (ECF No. 12.) Alongside the Motion, Defendant submitted a memorandum in support ("Moving Br.," ECF No. 12-2) and an additional supplemental brief ("Supp. Br.," ECF No. 34). Plaintiff Beta Pharma, Inc., filed an opposition, ("Liu Opp'n Br.," ECF No. 17), and Defendant Wansheng Jerry Liu filed a reply ("Reply Br.," ECF No. 18). Separately, Defendants Inventisbio (Shanghai) Co., Ltd., and Yueheng Jiang filed a joint Motion to Dismiss. (ECF No. 22.) Defendants submitted a joint brief in support. ("Joint Moving Br.," ECF No. 22-1.) Plaintiff filed an opposition ("Joint Opp'n Br.," ECF No. 31), and Defendants filed a reply ("Joint Reply Br.," ECF No. 32.)

The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendant Wansheng Jerry Liu's Motion and Defendants Inventisbio (Shanghai) Co., Ltd., and Yueheng Jiang's Joint Motion will be GRANTED.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Beta Pharma, Inc. ("Beta Pharma") is incorporated in Delaware and maintains a location in Princeton, New Jersey. (Compl. ¶ 2.) Defendant InventisBio is a company organized and existing under the laws of the People's Republic of China, with its principal place of business in Shanghai, China. (*Id*. ¶ 3.) Defendant Yueheng Jiang ("Jiang") and Defendant Wansheng Liu ("Liu") are residents of New Jersey. (*Id*. ¶¶ 3–4.)

Beta Pharma is a pharmaceutical company that is dedicated to the innovation of late-stage oncology therapies. (*Id*. ¶ 11.) In 2002, Beta Pharma had its first breakthrough with the synthesis of a novel epidermal growth factor receptor tyrosine kinase inhibitor, ("EGFR-TKI"), icotinib. (*Id*. ¶ 12.) Icotinib is a first-generation EGFR-TKI for the treatment of EGFR-mutation positive advanced non-small-cell lung cancer. (Compl. ¶ 12.) In 2011, Beta Pharma's icotinib was used in lung cancer therapies and treated roughly 40,000 patients. (Compl. ¶ 13.) To continue such progression, Beta Pharma sought to develop a third-generation EGFR-TKI, and in September 2014, the core compound of the third-generation drug, BPI-7711, was developed. (Compl. ¶ 14.)

In March 2016, Beta Pharma (Shanghai) filed in China an Investigational New Drug application for BPI-7711 with the National Medical Products Administration ("NMPA"), and shortly thereafter Beta Pharma Shanghai received clinical trial approval for BPI-7711. (Compl. ¶¶ 18–19.) In numerous clinical trials, BPI-7711 has proven to be efficient in the treatment of brain metastases in lung cancer patients. (Compl. ¶ 21.)

Defendant Liu is a partner at Fox Rothschild LLP, and practices patent prosecution and strategic counseling. (Compl. ¶ 27.) On November 22, 2012, Beta Pharma signed an engagement agreement with Liu and Fox Rothschild LLP for Liu to perform the preparation, filing, and prosecution of U.S. patent applications for Beta Pharma. (Compl. ¶ 30.) On July 9, 2014, Liu met

2

with Beta Pharma and BPI-7711 Inventors where Liu gained proprietary and confidential information concerning BPI-7711. (Compl. ¶ 33.)

Defendant Jiang is the senior Vice President of Research and Development at InventisBio. (Compl. ¶ 24.) Jiang specializes in the area of anti-allergy and immune system and antiviral drugs, which are unrelated to oncology and EGFR-TKI. (Compl. ¶ 25.)

Beta Pharma alleges that Liu disclosed Beta Pharma's EGFR-TKI Technology to Jiang, as it relates to BPI-7711, so that InventisBio could wrongfully use Beta Pharma's EGFR-TKI technology to file patent applications before Beta Pharma. (Compl. ¶ 35.) Specifically, Beta Pharma alleges that shortly after the July 9, 2014 meeting, Liu conveyed the learned proprietary and confidential information concerning BPI-7711 to Jiang and InventisBio. (Compl. ¶ 35.)

### A. InventisBio Patent Filing

On November 5, 2014, InventisBio filed a Chinese patent application ("'344 Application"), (Compl. ¶ 36), and a PCT Application, ("'815 Application.") (*Id*. ¶ 37.) In May 2017, InventisBio filed a U.S. Patent Application, ("'228 Application"), (*Id.* ¶ 39), and on January 15, 2019, the '228 Application was issued as US Patent ("784 Patent.") (*Id.* ¶ 39.) On December 5, 2018, InventisBio filed another US Patent Application, ("'705 Application") as a continuation of the '228 Application. (*Id.* ¶ 40.) Jiang is listed as the inventor on all patent Applications and all Applications claim BPI-7711. (*Id.*)

### B. Beta Pharma Patent Filing

On December 11, 2014, Liu, on behalf of Beta Pharma, filed U.S. Patent Application ("'869 Application"), (Compl. ¶ 34), and in December 2015, Liu filed a PCT Application ("'286 Application.") (Compl. ¶ 41.) On June 9, 2017, Defendant filed U.S. Patent Application ("'838 Application.") (Compl. ¶ 42.) In March 2018, an Examiner from the United States Patent and

3

Trademark Office rejected the pending claims in the '838 Application that claimed BPI-7711 under 35 U.S.C. §102(a) due to InventisBio's '344 and '228 Applications. (Compl. ¶ 44.)

On March 15, 2021, Plaintiff filed the present Complaint. It alleges nine separate causes of action against Defendants. (ECF No. 1.) Thereafter, Defendants filed the instant Motions to Dismiss. (ECF. No. 12, ECF No. 22.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. A reviewing court must accept the plaintiff's non-conclusory factual allegations as true. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court's inquiry "is not whether the plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002).

A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Iqbal*, 556 U.S. at 682. "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

## III.   DISCUSSION

As a preliminary matter, the Court notes the Complaint asserts that it has subject matter jurisdiction over this matter under 28 U.S.C. § 1331, which appears to be based on the Complaint's assertion of one federal cause of action in its First Claim: theft under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836. The Complaint also asserts that the Court has subject matter

jurisdiction under 28 U.S.C. § 1338.[1]  The Complaint's remaining claims are based on state law, for which the Court exercises supplemental jurisdiction pursuant to 28 U.S.C. § 1336.

All of the moving Defendants argue that Plaintiff has not pled a *prima facie* claim for theft of trade secrets.  (Moving Br. 9.; Joint Moving Br. 8.)  Pursuant to 18 U.S.C. § 1836, a party must show, "(1) the existence of a trade secret, defined broadly as information with independent economic value that the owner has taken reasonable measures to keep secret, and (2) misappropriation of that secret, defined as the knowing improper acquisition and use or disclosure of the secret."  *Par Pharm., Inc. v. QuVa Pharma, Inc.*, 764 Fed. Appx. 273, 278 (3d Cir. 2019).  Trade secrets may include proprietary business information like customer lists, pricing information, and marketing techniques.  *IDT Corp. v. Unlimited Recharge, Inc.*,Civ. No. 11-4992, 2012 WL 4050298, at *6 (D.N.J. Sept. 13, 2012).  "Misappropriation" is defined under the DTSA as "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means;" or "disclosure or use of a trade secret of another without express or implied consent by a person who at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was derived from or through a person who had used improper means to acquire the trade secret."  18 U.S.C. § 1839(5).  Improper means include "theft, bribery, misrepresentation, breach or inducement of a duty to maintain secrecy, or espionage through electronic or other means."  18 U.S.C. § 1839(6).  Taken together, the DTSA "contemplates three theories of liability: (1) acquisition, (2) disclosure, or (3) use."  *AUA Private Equity Partners, LLC v. Soto*, Civ. No. 17-8935, 2018 WL 1684339, at *4 (S.D.N.Y. Apr. 5, 2018).

---

[1] The Complaint does not articulate its basis for asserting jurisdiction under 28 U.S.C. § 1338.  To the extent that Plaintiff is relying on § 1338(b) and its assertion of a New Jersey common law unfair competition claim, the Court notes that the paragraph provides jurisdiction for "any civil action asserting a claim of unfair competition **when joined with** a substantial and related claim under the copyright, patent, plant variety protection or trademark laws."  The Complaint asserts none of the identified joint claims.  Should Plaintiff seek to replead its Complaint, it must clarify the basis for its assertion of jurisdiction under § 1338.

Here, Defendants InventisBio and Jiang concede that Beta Pharma has pled the existence of a trade secret, but argue that Beta Pharma fails to allege: (1) when the trade secret was transferred to Liu, (2) any connection between Liu and InventisBio, and (3) that there was a transfer of any trade secret between Liu and InventisBio. (Joint Br. at 9.) Similarly, Defendant Liu argues that Beta Pharma's assertion that "on July 9, 2014, Defendant Liu conveyed proprietary and confidential information including BPI-7711 to InventisBio through Defendant Jiang," is factually conclusory and stops short of stating a claim absent supporting factual allegations concerning the misappropriation of the trade secret. (Moving Br. at 8.)

Defendant Liu directs the Court to examine *Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 224 (3d Cir. 2011), where the plaintiff pled that the defendants "regularly and unlawfully shared highly confidential information relating to factored customers and clients, and then reached illegal agreements regarding the terms and conditions of credit to be extended." The Third Circuit affirmed that "[i]n light of the conclusory nature of these allegations, they are not entitled to assumptions of truth." *Id*. at 225.

Further, Defendant Liu encourages the Court to examine *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 907 (3d Cir. 2021), where the Court of Appeals explicitly outlined what is required to plead misappropriation. In *Oakwood*, the plaintiff's former high-ranking employee—the employee who was directly responsible for design of the technology in question—left to join another employer that developed substantially similar technology. *Id*. 896–99. The Court reasoned this was not coincidental, given the former employee's alleged "complete lack of experience" in working in the new highly specialized role. *Id*. at 911. The complaint also alleged that shortly after the employee's recruitment, the defendant swiftly developed similar technology. *Id*. Notably, the Court of Appeals reasoned that the complaint "does not rely on [the former

employee's] access to trade secrets alone," but goes beyond and indicates the plausibility of trade secret misappropriation by: (1) the timing of employment, (2) the former employee's concealment of the new work he would be doing with the defendant, (3) the former employee's lack of relevant expertise, (4) his prior access to plaintiff's trade secrets, and (5) defendant's rapid success in developing technology that took plaintiff nearly 20 years to develop. *Id.*

Here, the Complaint does not allege sufficient facts, even circumstantial ones approved of in *Oakwood*, to support its claim for theft of trade secrets. Unlike the facts pled in *Oakwood*, Beta Pharma appears to only rely on Liu's access to Beta Pharma's trade secrets. (Compl. ¶ 31.) Beta Pharma does not plead facts to demonstrate the misappropriation of the trade secret, but merely alleges on July 9, 2014, Beta Pharma had a meeting with Liu where they disclosed BPI-7711. Compl. ¶ 32. This vague and conclusory fact alone does not sufficiently plead element 2 pursuant to 18 U.S.C. § 1836. In short, the factual allegations of the Complaint do not plausibly allege the misappropriation of a trade secret. *Hayes*, 999 F.3d at 911. The federal DTSA claim will therefore be dismissed.

Given that the federal claim will be dismissed and there is no other apparent basis for subject matter jurisdiction, the Court must decide whether to exercise supplemental jurisdiction over the Complaint's remaining state law claims. "A federal court may decline to exercise supplemental jurisdiction over state law claims when it dismisses all claims over which it has original jurisdiction." *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017). In fact, the Third Circuit directs that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

*Austar Int'l Ltd. v. AustarPharma LLC*, 425 F. Supp. 3d 336, 355 (D.N.J. 2019) (quoting *Scherer Design Grp., LLC v. Schwartz*, Civ. No. 18-3540, 2018 WL 3613421, at *4 (D.N.J. July 26, 2018), *aff'd sub nom. Scherer Design Grp., LLC v. Ahead Eng'g LLC*, 764 F. App'x 147 (3d Cir. 2019)). Here, none of the aforementioned considerations warrant exercising jurisdiction over the remaining claims, therefore the Court will dismiss the Complaint in its entirety.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (ECF Nos. 12, 22) will be GRANTED and the Complaint will be dismissed without prejudice.[2] Plaintiff will be given leave to file a Complaint remedying the defect identified within 30 days. An appropriate Order will follow.

Date: **December 8, 2022**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Should Plaintiff seek to replead its Complaint, the Court suggests it revisit its Second Claim in light of the Court's determination as to its First Claim. There appears to be overlap with respect to the requirements of the two claims. *See Austar Int'l Ltd. v. AustarPharma LLC*, 425 F. Supp. 3d 336, 355 (D.N.J. 2019).